Nos. A-2591, A-2592, A-2593, A-2594, A-2595, A-2596, A-2597, A-2598, A-2699, A-2600, and A-2601. Opinion Filed July 11, 1917.
Ex–Parte C. E. GORDON, MORGAN OFFARD, D. R. GALLAGHER, GEORGE WAGNER, W. WILSON, GEORGE BURTCH,, EDWARD HALL, J. REICHENSPERGER, JOHN McDONALD, W. C. McLEAN and C. YAGER.

Applications for writs of habeas corpus. Applications granted and petitioners discharged.

J. J. Carney, for petitioners.

B. D. Shear, Municipal Counsellor, and Charles Selby, Asst. Co. Atty., for respondent.

PER CURIAM: On behalf of the above–named petitioners, duly verified petitions for writs of habeas corpus, as filed in the office of the clerk of this Court, were presented to the Presiding Judge on December 14, 1915, and writs were issued and made returnable before the court at 2 o'clock, P. M., on said day. The petitions duly verified by the petitioners are the same, each petitioner alleging that he is illegally restrained of his liberty by the officers of the city of Oklahoma City and by M. C. Binion, sheriff of Oklahoma county, upon the judgment and sentence of the municipal court of said city, entered on the 3rd day of December, 1915, and averring facts showing that his conviction and imprisonment was without due process of law, and praying that a writ of habeas corpus issue; that his said imprisonment may be inquired into, and that he may be restored to his liberty and discharged from further custody. In response to the writs the official to whom they were directed produced the petitioners in open court and filed his answer and return under oath to each of the writs issued and served upon him as follows: Return and Answer to the Writ. ''Comes now M. C. Binion, sheriff of Oklahoma County, Oklahoma, and in answer to the writ issued by the Hon. Thomas H. Doyle, Presiding Judge of the Criminal Court of Appeals of the State of Oklahoma, commanding him, as sheriff of Oklahoma county, to produce the body of_____ before this court at the hour of· 2 o'clock P. M., on this 14th day of December, 1915, and to then and there show cause, if any, for his detention of the said named___ _____, now in his custody, shows to this Honorable Court that said_____ was heretofore, in the Municipal Court of Oklahoma City, Oklahoma.

duly informed against and charged therein with being a vagrant under the ordinances of the City of Oklahoma City and was, in said court and cause, heretofore duly tried and convicted and found guilty of being a vagrant under the said ordinances of said Oklahoma City, and was, by the Judge of said Court, in said cause, fined in the sum of $99.00 and adjudged to serve 90 days in the city jail of Oklahoma City therefor; that thereafter, and on to-wit, the _____day of December, 1915, by agreement with the commissioners of said Oklahoma City and the Board of County Commissioners of Oklahoma county, Oklahoma, under the provisions of law authorizing the two said boards to so agree, was delivered by the said city authorities to the County Commissioners of Oklahoma county and to the undersigned sheriff of said county, for the purpose of working upon the roads of said Oklahoma county, Oklahoma, and said named _____ is now held by the undersigned sheriff of Oklahoma county, Oklahoma, in pursuance of and by virtue of said agreement between said City Commissioners and the Board of County Commissioners of Oklahoma county, Oklahoma, for the purpose of public road work upon the public highways of Oklahoma county, in execution and satisfaction of said fine and jail sentence, so imposed by the said Municipal Court of Oklahoma City, and that said period of jail sentence and fine are yet in force and existence and the same unsatisfied, and said named party is held for the purpose of paying the same by service upon the public highways of said Oklahoma county.

Wherefore, the undersigned prays that the said prayer of the said petitioner for a writ of habeas corpus may, in all things and respects, be denied, and for such other relief as may be proper under the facts and the law.''

The testimony of the petitioners as witnesses in their own behalf established, or tended to establish, the following facts: That on the 3rd day of December, 1915, they with others were arrested without warrants by police officers of Oklahoma City, and were that day taken before the police judge of said city without any written charge, complaint or information; that their only knowledge of what they were accused of was the statement made by the police judge to the effect that they were each separately charged with being guilty of vagrancy; that each entered a plea of not guilty to said charge; that they were each without counsel, and the said police judge did not inform them or any of them of their right to have counsel before being arraigned, nor did he ask them if they desired the aid of counsel; that when they asked to be heard in their own behalf he told them to hold up their right hands and be sworn; that after they were sworn he asked their names and why and for what purposes they were in Oklahoma City; that without permitting them to be heard further than to answer questions asked by said judge, he pronounced each and all of the petitioners and eleven other prisoners present and separately charged with vagrancy as being guilty as charged and sentenced each person so charged to be confined at hard labor on the roads of Oklahoma county for the term of ninety days and to pay a fine of ninety-nine dollars, and in default of the payment of said fine to be further so confined at hard labor until said fine was satisfied according to law.

It further appears as an undisputed fact that the police officers that testified in the twenty or more separate cases that were heard at that time; including the cases against the petitioners, were only sworn as witnesses when the first case was called, and the fact that the petitioners

had arrived at Oklahoma City that day on their way to the oil fields was not disputed.

Upon the conclusion of the arguments the decision of the court was announced by the Presiding Judge, who delivered an oral opinion finding that the petitioners were unlawfully restrained of their liberty by the respondent, and that they ·were entitled to a discharge from the imprisonment of which they complain. Thereupon writs were allowed and the petitioners discharged.